```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DAVID EVDOKIMOW,                       1:19-cv-14130 (NLH)

        Petitioner,                **MEMORANDUM OPINION & ORDER**

    v.

UNITED STATES OF AMERICA,

        Respondent.

**APPEARANCES**:

Craig Carpenito, United States Attorney
Vera Varshavsky, Assistant United States Attorney
US Attorneys Office
District of New Jersey
970 Broad Street
7th Floor
Newark, NJ 07102

    Attorneys for Respondent

Lawrence S. Lustberg
Gibbons, PC
One Gateway Center
Newark, NJ 07102-5310

    Attorneys for Petitioner

**HILLMAN, District Judge**

    WHEREAS, Petitioner David Evdokimow filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on June 21, 2019, see ECF No. 1; and

    WHEREAS, an evidentiary hearing is scheduled for August 19, 2020 and August 26, 2020 to be conducted over video-

conferencing; and

WHEREAS, the parties have requested the Court's guidance on the issues to be addressed at the hearing, ECF Nos. 20 & 21; and

WHEREAS, the parties have agreed to permit the United States present its evidence first; and

WHEREAS, the Court invites testimony on the issues presented in Petitioner's July 30, 2020 letter, ECF No. 21, with the exception of the propriety of the closing argument.  The Court will address the closing argument claim on the papers,

THEREFORE, IT IS on this  12th   day of August, 2020

ORDERED that the Court invites testimony on:

Whether trial counsel was responsible for delays in preparing amended tax returns;

Whether trial counsel told Petitioner that Anna Koleva could call Diane Meyers the night before Meyers testified;

Whether trial counsel conducted an adequate investigation of Augusto Da Silva;

Whether trial counsel was disorganized and understaffed;

Whether Kridel drank to excess or fell asleep at trial;

Whether the failure to investigate Apostle; the failure to investigate and call character witnesses; the failure to prepare Grigor Damyanov to be a defense witness; the refusal to accept William J. Morrison's suggestions for his expert testimony; and the failure to prepare for the possibility that Ginger Sweeton

2

would not testify were tactical or strategic; and it is further

ORDERED that the United States shall present its evidence first; and it is further

ORDERED that the Court presumes that the witnesses shall be sequestered during testimony.  This does not include Petitioner and one case agent to be identified by the United States who may view the entire proceedings.  Absent an application to be relieved from this order, all other witnesses shall not be permitted to view the proceedings when they are not testifying.


At Camden, New Jersey

                                        s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.